IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ANGELA MARJORIE B.,**[1]

      Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

      Defendant.

**Civ. No. 6:20-cv-01162-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Angela B. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

The Commissioner concedes that the Administrative Law Judge ("ALJ") made multiple errors but argues that the appropriate remedy is to remand for further proceedings. Because the record has been fully developed and further proceedings would serve no useful purpose, the Commissioner's decision is REVERSED and this case is remanded for award of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff applied for DBI and SSI on April 24, 2017, alleging disability since December 5, 2016. Tr. 238. Her claim was denied initially and upon reconsideration. Tr. 111, 126. Plaintiff timely requested a hearing before an ALJ and appeared before the Honorable Mark Triplett on June 19, 2019. Tr. 30–65. ALJ Triplett denied Plaintiff's claim by a written decision dated July 2, 2019. Tr. 14–24. Plaintiff sought review from the Appeals Council and was denied on May 26, 2020, rendering the ALJ's decision final. Tr. 2–4. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff is 50 years old and was 44 years old at the time of her alleged disability onset. *See* tr. 68. Plaintiff has a high school diploma and also completed three years of college. Tr. 261. Plaintiff worked for more than ten years as a mail carrier until she was forced to cease employment in 2015. Tr. 41, 261. Plaintiff is unable to continue past relevant work. Tr. 22. Plaintiff alleges disability due to degenerative disc disease, fibromyalgia, chronic migraines, depression, and osteoarthritis. Tr. 16, 75, 89, 260.

**STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting

2 – OPINION AND ORDER

*Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

Plaintiff identifies at least four legal errors.[2] Pl.'s Br. 1–26. The ALJ failed to apply SSR 19-4p and failed to properly assess whether Plaintiff's migraine headaches equal Listing 11.02

---

[2] Plaintiff also argues that the ALJ erred in crafting the RFC because he did not consider all the relevant evidence. Pl.'s Br. 20. The Court agrees but finds this argument is subsumed within the other errors Plaintiff has identified.

3 – OPINION AND ORDER

(B) and (D). Pl.'s Br. 1–9. The ALJ failed to provide clear and convincing reasons to reject Plaintiff's subjective symptom testimony. Pl.'s Br. 9–18. The ALJ mischaracterized the medical opinion evidence he deemed persuasive and did not properly incorporate it into the RFC. Pl.'s Br. 20–24. And the ALJ did not consider or address lay witness evidence. Pl.'s Br. 25–26. Defendant concedes each of these errors. Def.'s Br. 1–2 ("The administrative law judge (ALJ) committed errors, which included evaluating Plaintiff's headaches, Plaintiff's symptom testimony, medical opinions, and lay testimony.").

Because the ALJ erred, the question is whether to remand for further administrative proceedings or an award of benefits. Despite the ALJ's multiple errors, Defendant argues this case should be remanded to allow the Commissioner to re-evaluate the evidence, further develop the record, and issue a new decision. Def.'s Br. 2. The Court disagrees.

Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). However, an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these three factors are met, the Court must remand for further proceedings when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

## I. The ALJ's Reasoning

Here, it is undisputed that the ALJ erred and failed to provide legally sufficient reasons to reject Plaintiff's subjective symptom testimony and medical opinion evidence.

*Plaintiff's Subjective Symptom Testimony*

The ALJ failed to identify specific, clear and convincing reasons to reject Plaintiff's subjective symptom testimony. An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a). Where there is objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of her symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

Among other things, Plaintiff suffers from fibromyalgia, degenerative disc disease, and migraines. Plaintiff testified that she experiences near constant muscle and nerve pain throughout her entire body. Tr. 50–51. Plaintiff testified that she has three or four debilitating migraines a

month, lasting from 24 hours up to seven days. Tr. 46–47. Plaintiff also testified that her short-term memory has declined and that she occasionally gets confused and disoriented. Tr. 43. Finally, Plaintiff testified that she must "lay down quite a bit during the day" and must take frequent breaks. Tr. 49.

The ALJ found that Plaintiff's statements regarding the intensity, persistence and limiting effects of her conditions were not supported by the objective medical evidence. Tr. 19. Specifically, the ALJ noted "that the MRI results do not explain her current symptoms including weakness, headaches and incontinence." Tr. 20. The ALJ also relied on MRI and EMG testing that "were unable to identify a structural explanation for [Plaintiff's] shoulder pain." Tr. 20.

It is proper for the ALJ to consider the objective medical evidence in making a credibility determination. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The Ninth Circuit has upheld negative credibility findings, however, when the claimant's statements at the hearing "do not comport with objective evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Here, because of Plaintiff's fibromyalgia diagnosis, it is particularly troubling that the ALJ discounted Plaintiff's testimony solely due to a lack of objective medical evidence. Fibromyalgia is a diagnosis of pain and tenderness without ascertainable cause. Under social security rulings, fibromyalgia is medically determinable when "there is a history of widespread pain in all quadrants of the body," there are "at least 11 of 18 possible tender points," and "there

is evidence that other disorders were excluded as possible causes of the pain." SSR 12-2p, 2012 WL 3104869. "The ALJ erred by effectively requiring 'objective evidence' for a disease that eludes such measurement." *Benecke*, 379 F.3d at 594 (cleaned up); *cf. Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996) ("The claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof.").

In discounting Plaintiff's testimony, the ALJ also mischaracterized the medical evidence. The ALJ stated that Plaintiff's treatment provider noted that she is "recalcitrant to therapy." Tr. 20. However, that is not what Plaintiff's provider noted. Rather, the treatment notes state that Plaintiff's *fibromyalgia* is "recalcitrant to therapy." Tr. 513. Plaintiff tried multiple medications to ameliorate her fibromyalgia but did not tolerate them well. Tr. 713. Treatment provider notes show that Plaintiff "has been through extensive physical therapy. She has tried pool therapy. Unfortunately, these treatments aggravated her pain. She has tried acupuncture without much relief. She is trying to walk a bit for exercise. She tries to stretch. Unfortunately, many of these activities aggravate her pain." Tr. 713. To the extent that the ALJ relied on Plaintiff's "recalcitrance" to reject her symptom testimony, that is also error.

***Medical Opinion Evidence***

The ALJ failed to incorporate all of Plaintiff's limitations from persuasive medical opinions in the RFC. The ALJ found persuasive the opinions of Dr. Neal E. Berner and Dr. Thomas W. Davenport, non-examining state agency medical consultants. Tr. 21. The ALJ reasoned that their opinions were consistent with the objective medical evidence. Tr. 21. However, the ALJ mischaracterized their opinions regarding Plaintiff's limitations with noise and failed to incorporate these limitations into the RFC.

7 – OPINION AND ORDER

The ALJ stated that Dr. Berner's and Dr. Davenport's opinions included "environmental limitations related to loud noises." Tr. 21. However, Drs. Berner and Davenport each opined that Plaintiff must "[a]void even moderate exposure" to noise. Tr. 79, 125. Drs. Berner and Davenport elaborated that Plaintiff is "limited to avoiding mod[erate] exposure to noise/vibration" because of her migraines. Tr. 79, 125. This mischaracterization was incorporated in the RFC: "The claimant can tolerate no exposure to loud noise as defined in appendix D, Selected Characteristics of Occupations." Tr. 18. Because the limitation regarding noise exposure is based on a mischaracterization of the record, it is not supported by substantial evidence.

## II.     Credit as True

If Plaintiff's subjective symptom testimony were credited as true, the ALJ would be required to find Plaintiff disabled. Plaintiff testified that she must take breaks frequently throughout the day, laying down for a half hour at a time. Tr. 49. She also testified that she has three or four debilitating migraines a month, during which she experiences vertigo, loss of vision, and short-term memory deficits. Tr. 43–47. The vocational expert testified that an employee who missed more than one day of work a month would be unable to maintain employment. Tr. 60. The vocational expert also testified that an employee who is off task for more than 90% of the day would not be employable in the competitive labor market. Tr. 62. Based on vocational expert testimony, Plaintiff would be unable to maintain employment due to her migraines and her need for breaks throughout the day.

The Court also finds that if the persuasive medical opinions were credited as true and properly incorporated in the RFC, the ALJ failed to meet his step five burden. Based on

vocational expert tesimony, the ALJ identified three representative occupations that Plaintiff could perform: photo copy machine operator, collator operator, and inserting machine operator. Tr. 23. However, each of these jobs are classified at environmental noise level three, or moderate noise. Pl.'s Br. Ex. 4, at 2, ECF No. 21. Because Dr. Berner's and Dr. Davenport's opinions both limited Plaintiff to avoiding even moderate noise, the ALJ failed "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

### III.   Further Proceedings

Defendant argues that there are "outstanding issues" to be resolved in further administrative proceedings. Def.'s Br. 4–5.

First, Defendant argues that further proceedings are necessary "for the ALJ to clearly explain whether Listing 11.02 is met or equaled and why." Def.'s Br. 4. However, even if Plaintiff's symptoms do not meet a listing, if the improperly discounted symptom testimony or medical opinions were credited as true, as noted above, Plaintiff would be found disabled.

Defendant then argues that there is an evidentiary conflict between the ALJ's finding that Plaintiff occasionally has normal gait and the multiple medical exams showing gait disturbance. Def.'s Br. 4. Recognizing that Plaintiff has good and bad days, the Court finds this not as an evidentiary conflict, but rather an instance of the ALJ cherry-picking evidence to support his theory. *Cf. Garrison*, 759 F.3d at 1017 ("[I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.").

Defendant also argues that further proceedings would allow the ALJ to explain how he considered the noise limitation. Def.'s Br. 5. Defendant notes that "the record is silent as to what

the vocational impact of such a limitation would be given the other restrictions in the RFC." *Id*. The Court is unpersuaded. "[I]n the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." *Benecke*, 379 F.3d at 595.

Defendant's remaining arguments characterize the ALJ's failure to consider or evaluate evidence as "gaps" in the record. Def.'s Br. 4–5. However, "allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons" does not qualify as a "useful purpose." *Garrison*, 759 F.3d at 1021; *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

Defendant has not identified any legitimate gaps or ambiguities in the evidence that would require further development of the record.

## IV. "Serious Doubts"

Defendant's last-ditch effort to argue that there are "serious doubts" about Plaintiff's disability is similarly unpersuasive. Defendant identifies only two things in the 952-page record that "create 'serious doubt as to whether the claimant is, in fact, disabled.'" Def.'s Br. 5 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

First, Defendant points to one comment in the medical records that Plaintiff's caffeine and analgesic overuse may contribute to her migraines. *See* tr. 666–67. Plaintiff was advised to limit her use of analgesic for headaches to once or twice weekly and to wean her consumption of

caffeine down to one to two cups of coffee a day. Tr. 667. There is no evidence in the record that Plaintiff failed to take this recommendation, or that Plaintiff was in any other way noncompliant with medical treatment and advice. The fact that Plaintiff attempts to manage her migraines with Tylenol and caffeine does not cast "serious doubt" on her disability.

Defendant also relies on a single comment from 2019 that Plaintiff has seen significant improvement in frequency of headaches with injection. *See* tr. 655. Treatment notes from February 2019 indicate that Plaintiff experiences breakthrough migraines only twice per month, with more frequent tension headaches. Tr. 655. Plaintiff's testimony is consistent with these treatment notes. *See* tr. 46 (testifying that she experiences one "breakout migraine" when the injection is working and "actual pain migraines" the weeks before and after her injection). Even if Plaintiff only missed work twice a month for these breakthrough migraines, she would still be unable to maintain employment, per vocational expert testimony. The fact that Plaintiff has finally found a treatment that marginally improves her quality of life does not cast "serious doubt" on her disability.

This is a rare instance where remand for an award of benefits is appropriate. Plaintiff satisfies all three requirements under *Garrison*. Moreover, consideration of the record as a whole convinces the Court that Plaintiff is disabled. The Court sees no purpose for further proceedings.

//
//
//
//
//

11 – OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Commissioner's final decision is REVERSED and this case is remanded for award of benefits.

IT IS SO ORDERED.

DATED this 16th day of August, 2022.

s/ Michael J. McShane
Michael J. McShane
United States District Judge
