IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGELA MARJORIE B.[1]

      Plaintiff,

      v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

Civ. No. 6:20-cv-01162-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Angela Marjorie B. filed a motion, ECF No. 30, for attorney fees in the amount of $13,614.60 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner, in response, opposes this motion, arguing that the amount requested is unreasonable and suggests that the Court reduce Plaintiff's EAJA fee award to $6,360.52. Def.'s Resp. 2, 8, ECF No. 32. For the reasons set forth below, Plaintiff's petition (ECF No. 30) is GRANTED.

## STANDARD OF REVIEW

The EAJA provides that courts "may award reasonable fees and expenses" to the prevailing party. 28 U.S.C. § 2412(b). A plaintiff carries "the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v.*

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

*Eckerhart*, 461 U.S. 424, 437 (1982). The Court must determine whether the attorney fees being requested are reasonable. *Comm'r, I.N.S., et al. v. Jean*, 496 U.S. 154, 158 (1990); 28 U.S.C. § 2412(d)(1)(A).

## **DISCUSSION**

Whether attorney fees are appropriate under the EAJA is not at dispute in this case, as the Commissioner concedes that Plaintiff is the prevailing party and that the Commissioner's litigation position was not substantially justified. Def.'s Resp. 2. Nor does the Commissioner contest that Plaintiff's requested hourly rate of $217.51 is justified under the EAJA. *Id.* at 2, n. 2; *see* 28 U.S.C. § 2412(d)(2)(A). Instead, the Commissioner argues that the amount of time Plaintiff's counsel spent reviewing the record and completing Plaintiff's Opening Brief was not reasonable. Def.'s Resp. 3. Plaintiff's counsel requests payment for a total of 62.3 hours, which includes 3.6 hours spent on initial case management matters; 48.9 hours on Plaintiff's Opening Brief; 8.9 hours on Plaintiff's Reply Brief; and .9 hours on the present Motion. Pl.'s Mot. for Atty. Fees 4. Regarding the Opening Brief, Plaintiff's counsel spent 25.9 hours reviewing the 956-page administrative record and additional SSR materials, and 35.3 hours researching and drafting the Opening Brief. Pl.'s Reply 4–5 ECF No. 33. In total, Plaintiff's counsel spent 62.3 hours on all tasks associated with the Opening Brief; however, she applied a "billing judgment" discount of 20% and requests payment for 48.9 hours.[2] *Id*. at 5.

The Commissioner contends that 48.9 hours "vastly exceeds" the typical amount of time required to draft a 27-page opening brief for an experienced attorney like Plaintiff's counsel.

---

[2] After applying the "billing judgment discount," Plaintiff's counsel seeks payment for 20.72 hours spent reviewing the record and 28.24 hours researching and drafting the Opening Brief. Pl.'s Reply 3, 5. The Court will consider the "reasonableness" of these modified hours.

2 – OPINION AND ORDER

Def.'s Resp. 7. The Commissioner also argues that the administrative record, at 956 pages, was below average in length and did not present complex or novel issues. *Id*. In response, Plaintiff argues that the medical conditions at issue in this case, including fibromyalgia and migraine headaches, were medically complex maladies that required "scrupulously detailed review" of the medical records and relevant Social Security Rulings. Pl.'s Reply 4. Given the "densely packed longitudinal medical record" and the need to consort relevant caselaw and "lengthy Rulings," Plaintiff avers that 48.9 hours was a reasonable amount of time to review the record, conduct legal research, and draft a 27-page brief. *Id.* at 5.

Under *Hensley*, hours that are not "reasonably expended" or which are "excessive, redundant or otherwise unnecessary" are not compensable. *See Hensley*, 461 U.S. at 434. However, under Ninth Circuit jurisprudence that is binding upon this Court, in determining what constitutes a reasonable fee award under the EAJA, "courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *See Costa v. Comm'r. of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotations omitted). I dismiss the Commissioner's argument that counsel's extensive experience in this area lends to the unreasonableness of her billed hours. Def.'s Resp. 4. If anything, counsel's experience bolsters her judgment, to which the Ninth Circuit would have me defer. *Costa*, 690 F.3d at 1136. In that vein, Plaintiff's counsel has already exercised her experienced judgment by voluntarily reducing her total hours spent on Plaintiff's Opening Brief by 20%.

Moreover, "where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," which will usually "encompass all hours reasonably expended on the litigation[.]" *Hensley*, 461 U.S. at 435. When considering "reasonableness," a "crucial factor" for

3 – OPINION AND ORDER

the district court to consider is the Plaintiff's success or the "results obtained." Here, Plaintiff's counsel achieved an excellent result for her client. The 48.9 hours spent reviewing the record and drafting Plaintiff's opening brief was reasonable, considering that it resulted in a judgment reversing the Commissioner's decision and remanding for payment of benefits. *See* J. ECF No. 28.

The Commissioner attempts to bolster her argument that Plaintiff's requested fees are unreasonable by providing examples of "reasonable" EAJA fee awards from other district courts. Def.'s Resp. 6–7. The Court does not find these examples persuasive. Each Social Security case varies in complexity and requires a highly fact-intensive analysis. While the Commissioner selects a handful of cases for guidance, a survey of all EAJA fee awards would yield results across the board. This Court is not bound by the methods or formulas of other district courts to determine what constitutes a "typical" case. "There is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. Instead, the Court defers to Plaintiff's counsel's experience and professional judgment, as well as the results she obtained, and finds that her requested EAJA fees are reasonable.

## **CONCLUSION**

Plaintiff's requested EAJA fees of $13,604.60, as well as postage costs of $10.00 are reasonable in light of the foregoing analysis. The Court hereby awards attorney fees in the amount of $13,614.60 to Plaintiff's attorney, Nancy J. Meserow pursuant to the EAJA. The Commissioner shall direct payment to Nancy J. Meserow, at the Law Office of Nancy J. Meserow, 7540 SW 51st Ave., Portland, Oregon, 97219, on behalf of Plaintiff. This payment is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this 11th day of January, 2023.

                                                _____/s/ Michael J. McShane_____
                                                         Michael McShane
                                              United States District Judge